Stephen Youngerman (SBN 98784)
David A. Robinson (SBN 161103)
*sy@ymlaw.net*; *dar@ymlaw.net*
YOUNGERMAN & McNUTT LLP
11150 West Olympic Boulevard, Suite 900
Los Angeles, CA 90064
Tel: (310) 478-3780; Fax: (310) 478-3831

John P. Margiotta (*pro hac vice* application forthcoming)
Jennifer Insley-Pruitt (*pro hac vice* application forthcoming)
*jmargiotta@fzlz.com*; *jinsley-pruitt@fzlz.com*
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY 10017
Tel: (212) 813-5900; Fax: (212) 813-5900

Attorneys for Plaintiff CARTIER CREATION STUDIO S.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CARTIER CREATION STUDIO S.A., | **Civil Case No: 8:15-cv-00838** |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | (1) Federal Copyright Infringement, 17 U.S.C. § 501; |
| LUGANO DIAMONDS & JEWELRY INC. and DOES 1-10, inclusive | (2) Federal Design Patent Infringement, 35 U.S.C. § 271. |
| Defendants. | **DEMAND FOR JURY TRIAL** |

-1-

Plaintiff Cartier Creation Studio S.A. ("Cartier" or "Plaintiff"), for its Complaint against Defendants Lugano Diamonds & Jewelry Inc. ("Lugano") and Does 1-10 (together with Lugano, "Defendants"), alleges as follows:

## Nature of the Action

1.     All of the claims asserted herein arise out of and are based on Defendants' willful infringement of Cartier's intellectual property rights, which Defendants are well aware of but choose to blatantly disregard.  Defendants unlawfully promote, distribute, and sell jewelry products that are imitations of Cartier's jewelry designs, which are protected under copyright and design patent laws.

2.     To protect its exclusive rights, Cartier brings claims for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* and design patent infringement under Section 271 of the Patent Act, 35 U.S.C. § 271.

## Jurisdiction and Venue

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338.

4.     This Court has personal jurisdiction over Defendants because, upon information and belief, Lugano's place of incorporation and principal place of business is in California and the other Defendants are located in California.

5.     Venue is proper under 28 U.S.C. § 1391(b) of the United States Code in that Defendants reside in this District and a substantial part of the events giving rise to the claims occurred in and are directed from this District.

## The Parties

6.     Plaintiff Cartier Creation Studio S.A. is a corporation organized and existing under the laws of Switzerland, having a principal place of business at 8 Boulevard James-Fazy, 1201 Genève, Switzerland.

7.     Upon information and belief, Defendant Lugano Diamonds & Jewelry Inc. is a corporation organized and existing under the laws of the State of California,

1  having a principal place of business at 620 Newport Center Drive, Newport Beach,

2  California 92660.

3      8.      Upon information and belief, Defendants Does 1-10 are as-yet

4  unidentified entities involved in the creation, advertising, promotion, offering for

5  sale, and sale of jewelry products that are unauthorized imitations of Cartier's

6  jewelry designs.

7                  **Facts Common to All Claims**

8  **A.      The CARTIER Brand and Business**

9      9.      Cartier is a world famous designer of fine jewelry and luxury watches

10  sold under the CARTIER brand name.

11      10.      Founded in 1847 by Louis-François Cartier, Cartier has built a

12  reputation for fine craftsmanship in the jewelry field.  Through over 160 years of

13  use, Cartier has built its CARTIER name and mark to be synonymous with high-

14  quality, well-crafted jewelry.  Cartier's commitment to innovation in form and

15  function, as well as its use of only the finest materials, has brought it renown as a

16  leading designer of luxury goods.

17      11.      Among Cartier's most important assets is the intellectual property

18  associated with the CARTIER brand.  Among other protection, Cartier owns U.S.

19  copyright registrations covering many of its innovative jewelry and watch designs.

20  Cartier is also the owner of design patents covering certain of its unique jewelry and

21  watch designs.

22          *1.*      ***Cartier's Parrot Necklace and Related Intellectual Property Rights***

23      12.      One of Cartier's distinctive items is its Parrot Necklace, which, as

24  shown in the example below, consists of a parrot featuring diamonds as feathers, an

25  emerald as the eye, and blue or green colored beads finished with a contrasting pearl

26  end-stone as plumage:

27

28

CIVIL CASE NO:  8:15-cv-00838                                              COMPLAINT

1
2
3
4
5
6
7
8



9    13.    Plaintiff Cartier Creation Studio, S.A. owns a U.S. copyright in the
10  Parrot Necklace, U.S. Copyright Registration No. VA 1-948-843 (the "Parrot
11  Necklace Copyright").  A true and correct copy of U.S. Copyright Registration No.
12  VA 1-948-843 is attached as Exhibit A.

13    ***2.    Cartier's PANTHÈRE DE CARTIER Line and Related Intellectual Property Rights***

14    14.    One of Cartier's most well-known and sought-after product ranges is
15  the PANTHÈRE range, which has long been part of Cartier's collection, beginning
16  in 1914 with a panther-motif ladies' wristwatch.  Over the ensuing decades, the
17  PANTHÈRE range has included numerous items designed and produced by Cartier
18  and its affiliates, including iconic panther-head jewelry designs as well as broaches,
19  watches, handbags, pens, sunglasses, and more.
20
21    15.    One of Cartier's PANTHÈRE designs is a set of earrings in the shape
22  of a panther's head (the "PANTHÈRE Earrings").  As shown below, the
23  PANTHÈRE Earrings feature a diamond panther head, jeweled eyes, and protruding
24  oval-shaped ears:

25

26
27
28

-4-

16.     Another related item in the renowned PANTHÈRE line is a diamond and emerald ring with a two-headed panther design (the "PANTHÈRE Ring").  As shown below, the PANTHÈRE Ring also features a fully-paved diamond panther head, jeweled eyes, and protruding oval-shaped ears:

 

17.     The ornamental features of the PANTHÈRE Earrings and the PANTHÈRE Ring (together, the "PANTHÈRE Design") are the subject of U.S. Design Patent Number D680,024 S, issued April 16, 2013 (the "PANTHÈRE Patent").  A true and correct copy of the PANTHÈRE Patent is attached hereto as Exhibit B.

18.     Cartier owns all right, title, and interest in and to the PANTHÈRE Patent through a duly recorded assignment from the inventor identified in the PANTHÈRE Patent.

19.     The PANTHÈRE Patent is subsisting and presumed to be valid and enforceable.

**B.      Defendants' Wrongful Conduct**

20.     On information and belief, Defendants are jewelry designers and retailers offering collection and custom jewelry to clients in the United States and around the world.  Defendants operate a retail outlet and showroom in Newport Beach, California, and also display jewelry products through their website, which is located at *www.luganodiamonds.com*.

21.     Upon information and belief, through their retail outlets, Defendants have manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported jewelry pieces that are substantially similar to Cartier's copyrighted Parrot Necklace and patented PANTHÈRE Design.

22.     Upon information and belief, such activities are being done willfully, with the knowledge that such jewelry is copied from Cartier's Parrot Necklace and PANTHÈRE Design.

23.     Defendants are not related to or affiliated with Cartier in any way. Defendants have not sought or received a license or authorization from Cartier for any purpose whatsoever, including for the acts described herein.

24.     Cartier observed an imitation parrot necklace (the "Parrot Infringing Necklace") being advertised by Defendants through Defendants' Facebook page. A screenshot of the Parrot Infringing Necklace as advertised by Defendants is shown below:



-6-

25.     On April 7, 2015, Cartier's agent visited Defendants' showroom at 620 Newport Center Drive, Newport Beach, California 92660.  Cartier's agent spoke to several salespeople at Defendants' showroom, including an individual who identified himself as a sales manager named James Bishop.

26.     Defendants' representatives informed Cartier's agent that Defendants had recently offered for sale and sold a Parrot Infringing Necklace for $68,000.00.

27.     As depicted in the below photos provided of the product by Defendants' representative, the Parrot Infringing Necklace sold by Defendants is an identical copy of the Parrot Necklace, including the same unusual posture, scale and proportions, the same orientation of the bird's crest and of the diamond-encrusted hanging loop, and the same portrayal of the bird's feathers with diamonds, the eye with an emerald, and the plumage with blue or green colored beads that are finished with a contrasting pearl end-stone:






Defendants' Parrot Infringing Necklace                Cartier's Parrot Necklace

28.     Defendants' representative further informed Cartier's agent that Defendants could have another Parrot Infringing Necklace made for Cartier's agent upon request.  Defendants' representative stated that Defendants could make additional copies of other Cartier products for cheaper prices than those offered by Cartier.

29.    Upon information and belief, Defendants also advertise, promote, offer for sale, and sell infringing copies of Cartier's patented PANTHÈRE Design.

30.    Cartier's agent observed an infringing copy of Cartier's PANTHÈRE Earrings offered for sale at Defendants' showroom.  As shown below, Defendants' infringing earrings (the "PANTHÈRE Infringing Earrings") copy numerous elements of the PANTHÈRE Earrings protected by the PANTHÈRE Patent, including a fully paved diamond panther head with a single ring of diamonds that forms the neck, set off by a collar-like ring of single diamonds bordered in white gold that sits flush against the earlobe, round, jeweled eyes, protruding oval-shaped ears, white-gold eye socket outlines, a subtle, white-gold cheek line that curves from the eye outline toward the nose, and an angular nose with flat, non-jeweled, rectangular, white-gold sides and an onyx tip:



Defendants' PANTHÈRE Infringing
Earrings

Cartier's PANTHÈRE Earrings

31.    Cartier's agent also observed an infringing copy of Cartier's PANTHÈRE Ring (the "PANTHÈRE Infringing Ring," and together with the PANTHÈRE Infringing Earrings, the "PANTHÈRE Infringements") featuring the patented PANTHÈRE Design listed for sale on Defendants' Facebook page.  As shown below, Defendants' infringing copy incorporates numerous elements of the PANTHÈRE Ring protected by the PANTHÈRE Patent, including a paved-diamond

-8-

1  panther head, jeweled eyes, protruding oval-shaped ears, white-gold eye socket

2  outlines and an onyx nose:



Defendants' PANTHÈRE Infringing                    Cartier's PANTHÈRE Ring
Ring

12      32.    Upon information and belief, Defendants know, and at all relevant

13  times knew, that the products they are selling are substantially similar to Cartier's

14  protected jewelry products, and they advertise them as such.

15      33.    Indeed, Defendants have actual knowledge of Cartier's rights.  On or

16  about May 8, 2015, Cartier's counsel sent a letter to Lugano concerning Defendants'

17  infringement, and requested that Defendants immediately cease their unlawful

18  activities.

19      34.    Notwithstanding the fact that Defendants are on actual notice of

20  Cartier's exclusive rights, Defendants have, upon information and belief, continued

21  to advertise their Parrot Infringing Necklace on their Facebook page.

22      35.    Upon information and belief, Defendants' activity described herein is

23  intentionally fraudulent, malicious, willful, and wanton.

24      36.    Upon information and belief, Defendants' infringement of Cartier's

25  intellectual property rights is serial and ongoing and goes far beyond that described

26  herein.

27      37.    Upon information and belief, Defendants' sale of infringing products is

28  unjustly enriching Defendants.

CIVIL CASE NO:  8:15-cv-00838                                    COMPLAINT

38.     Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to Cartier and its business unless restrained by this Court.

### FIRST CLAIM FOR RELIEF:

### COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. § 501

39.     Cartier repeats and incorporates by reference the allegations of paragraph 1 through 38 as set forth herein.

40.     The Parrot Necklace is an original and creative work of Cartier Creation Studio S.A.  Cartier Creation Studio S.A. is the owner of the Parrot Necklace and the exclusive owner of the Parrot Necklace Copyright.

41.     Defendants, without Cartier's authorization or consent, have manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Parrot Necklace.

42.     Defendants thereby have violated and, upon information and belief, continue to violate, Cartier's exclusive rights in the Parrot Necklace and the Parrot Necklace Copyright under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

43.     Upon information and belief, Defendants' aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

44.     Defendants' infringement of Cartier's exclusive rights in its works has caused Cartier damage, and has enabled Defendants to profit illegally therefrom.

45.     Defendants' copyright infringement has caused, and unless enjoined by this Court, will continue to cause, Cartier to sustain irreparable damage, loss, and injury, for which Cartier has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF:**

**DESIGN PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271**

46.     Cartier repeats and incorporates by reference the allegations of paragraph 1 through 45 as set forth herein.

47.     Cartier owns U.S. Design Patent No. D680,024 S, which is valid and subsisting.

48.     Defendants, without authorization from Cartier, have distributed, advertised, promoted, offered for sale and sold jewelry that is a studied imitation of and is substantially similar in overall appearance to the design set forth in U.S. Design Patent No. D680,024 S and embodies the design protected by such patent.

49.     Defendants' knock-offs of the PANTHÈRE Design appropriate the novel ornamental features set forth in U.S. Design Patent No. D680,024 S such that an ordinary observer, giving such attention as a purchaser usually gives, would find Cartier's and Defendants' designs to be substantially the same and would find the two designs to resemble each other sufficiently to be deceived and to be induced to purchase one supposing it to be the other.

50.     By the foregoing acts, Defendants have directly infringed, infringed under the doctrine of equivalents, contributorily infringed, and/or induced infringement of, and continues to so infringe, the PANTHÈRE Patent.

51.     Upon information and belief, Defendants' foregoing acts of infringement have been willful, intentional, in bad faith, and with knowledge of Cartier's exclusive patent rights.

52.     Defendants' conduct violates Section 271 of the Patent Act, 35 U.S.C. § 271 and has caused and is causing substantial irreparable harm to Cartier.  Cartier has no adequate remedy at law.

CIVIL CASE NO:  8:15-cv-00838                                                    COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Cartier respectfully requests judgment against Defendants as follows:

1.      Declaring, adjudging, and decreeing that Defendants are liable to Cartier for copyright infringement in violation of 17 U.S.C. § 501;

2.      Declaring, adjudging, and decreeing that Defendants are liable to Cartier for design patent infringement in violation of 35 U.S.C. § 271;

3.      Preliminarily and permanently enjoining Defendants, their officers, agents, successors and assigns, servants, employees and attorneys, and any and all persons in active concert or participation with any of whom receive notice of such judgment directly or otherwise, from directly or indirectly infringing Cartier's rights in the Parrot Necklace, the PANTHÈRE Design, and any other intellectual property owned by Cartier, and specifically from:

(i)      infringing Cartier's Parrot Necklace Copyright, including without limitation by manufacturing, importing, distributing, advertising, promoting and/or selling the Parrot Infringing Necklace or any other materials embodying copies of the Parrot Necklace or that are substantially similar to the Parrot Necklace;

(ii)      imitating, copying, or making unauthorized use of, or otherwise infringing or inducing infringement of, the PANTHÈRE Patent;

(iii)      transferring, consigning, destroying or selling any goods in Defendants' possession, custody or control infringing Cartier's Parrot Necklace Copyright or bearing a design or other indicia substantially identical or similar to the PANTHÈRE Design;

(iv)      disposing, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including computer records) of any kind including invoices, correspondence, books of account, receipts, or other documentation relating or referring in any manner to the

-12-

manufacture, advertising, receiving, acquisition, importation, promotion, display, purchase, sale, offer for sale or distribution of any merchandise infringing the Parrot Necklace Copyright or the PANTHÈRE Patent;

(v)     engaging in any other activity constituting an infringement of the Parrot Necklace Copyright or the PANTHÈRE Patent;

(vi)     instructing, assisting, or authorizing any third party to engage in any of the actions prohibited by subparagraphs (i) through (v) above;

4.     Directing that Defendants make available to Cartier for review, inspection and copying, all books, records (including all hard drives on computers used for business purposes, including servers, as well as all computer discs and backup discs) and other documents concerning all transactions relating to the importation, promotion, advertising, display, offering for sale, or sale of any product infringing of the Parrot Necklace Copyright, the PANTHÈRE Patent, and any other intellectual property owned by Cartier, and provide Cartier the names, addresses and all other contact information in their possession, including telephone and fax numbers for (a) the source of such products including all manufacturers, distributors and/or suppliers, and (b) all persons or entities to whom Defendants have sold, distributed or supplied such products.

5.     That Defendants be ordered to deliver up to Cartier's attorneys for destruction all materials in their possession or control infringing the Parrot Necklace Copyright, the PANTHÈRE Patent, and any other intellectual property owned by Cartier, as well as all means for manufacturing them;

6.     That Defendants, at their own expense, be directed to recall the Parrot Infringing Necklace, the PANTHÈRE Infringements, and any other products infringing intellectual property owned by Cartier from any distributors, retailers, vendors or others to whom they have distributed such products, and that Defendants destroy or deliver up to Cartier for destruction all materials returned to them;

-13-

7.      That Defendants be directed to file with the Court and serve upon Cartier's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which they have complied with the above;

8.      That Cartier recover from Defendants all damages sustained by Cartier, in consequence of Defendants' copyright infringement and patent infringement described above, and trebling such damages pursuant to 35 U.S.C. § 284;

9.      That Defendants be ordered to account to Cartier and to pay Cartier for all the gains, profits, savings, and advantages realized by Defendants from their acts of copyright infringement and patent infringement described above;

10.     That, should Cartier so elect, it be awarded statutory damages within the provisions of Section 504(c) of the Copyright Act, 17 U.S.C. § 504(c), instead of an award of actual damages or profits;

11.     That Cartier be awarded its full costs, including, as part of such costs, reasonable attorney's fees pursuant to 17 U.S.C. § 505 and 35 U.S.C. § 285;

12.     That Cartier be awarded interest, including pre-judgment interest on the foregoing sums pursuant to 35 U.S.C. § 284; and

13.      That Cartier be granted such other and further relief as may be equitable and just.

CIVIL CASE NO:  8:15-cv-00838                                              COMPLAINT

1

2   Dated: May 28, 2015          Respectfully submitted,

3                                YOUNGERMAN & McNUTT LLP
4                                Stephen Youngerman
                                 David A. Robinson
5

6                                        -and-

7                                FROSS ZELNICK LEHRMAN & ZISSU, P.C.
8                                John P. Margiotta
                                 Jennifer Insley-Pruitt
9

10                               By: /Stephen Youngerman/
11                                   Stephen Youngerman

12                               *Attorneys for Plaintiff Cartier Creation Studio S.A.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-